**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BENNIE R. THOMPSON,

        Plaintiff,                         Case No. 06-10212

vs.

                                      HONORABLE NANCY G. EDMUNDS

JO ANNE B. BARNHART,               HONORABLE STEVEN D. PEPE
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.  BACKGROUND**

      Bennie Thompson brought this action under 42 U.S.C. § 405(g) purportedly to challenge a decision of the Commissioner which denied him Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  Both parties have filed motions which have been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  For the following reasons, IT IS RECOMMENDED that Plaintiff's motion for default judgment be DENIED (Dkt. # 5) and Defendant's motion to dismiss be GRANTED (Dkt. # 4).

      **A.**      **Procedural History**

      Plaintiff was originally granted DIB on January 1, 1975, and his two dependants began receiving DIB in June and November 1974 (Dkt. # 1, pp.2-3).  The Commissioner suspended DIB to Plaintiff and his dependants in November 1981 when Plaintiff was incarcerated for a felony conviction (*Id.* at Exhibit 7).  On August 31, 1982, Plaintiff's conviction was overturned by the Sixth Circuit for lack of waiver of assistance of counsel, and the matter was remanded for a new trial (*Id.* at Exhibit 4).

The Commissioner reinstated benefits from November 1981, but informed Plaintiff that he was only eligible for benefits through November 1982 and became re-entitled to benefits as of March 1984 (*Id.* at Exhibit 7). The Commissioner's November 12, 1997, letter on this subject also indicates that a check for DIB for the period from October 1981 to October 1982, in the amount of $16,237.20, was issued to Plaintiff (*Id.*). Plaintiff alleges that he never received this check.

Plaintiff also alleges that he requested a hearing before an Administrative Law Judge three times since April 10, 2003 - he attempted to verify receipt of each filing and was told that there was no record of his filing anything with the Social Security Administration (SSA). Plaintiff alleges that his request for a hearing was intercepted, withheld or hidden and this action (a.) deprives him and his dependants of an opportunity to be heard and (b.) supports a claim for discrimination.

Plaintiff filed the present case on January 19, 2006 (Dkt. #1). The complaint was served as follows: U.S. Attorney – January 19, 2006; Attorney General – February 16, 2006 and SSA – February 15, 2006 (Dkt. #3) - therefore, Defendant's response to the complaint was due on March 20, 2006. Fed. R. Civ. P. 12(a)(1)(B). Defendant filed its motion to dismiss on March 17, 2006, and Plaintiff filed his motion for default judgement on March 21, 2006.

Though not mentioned by either party, there was a previous case filed in this Court by Plaintiff alleging virtually the same facts, Case No. 02-72555 (the "First Case"). In the First Case Plaintiff alleged that he had been wrongfully denied benefits from November 1982 through March 1984 – apparently he did not dispute the fact that he had received a $16,237.20 check for the period from 1980-1982 in the First Case. A declaration from the SSA Office of Hearings and Appeals in the First Case indicates that Plaintiff was in pay status starting March 1984 (First Case Dkt. # 4). In the First Case Plaintiff stated that on March 31, 1983, he pled guilty to 2 counts in the remanded

2


criminal proceedings and was re-sentenced to five years in prison (First Case Complaint, ¶ 5, 15) – a fact he neglected to divulge in the present case.

In response to the Commissioner's motion to dismiss the First Case for lack of exhaustion Plaintiff alleged that he communicated with SSA in 1993 regarding the suspension of benefits, and filed a motion for reconsideration with SSA in November 1998 to which SSA failed to respond (First Case Dkt. #19, p. 3). The Commissioner responded with a declaration from SSA which stated that there was no record of Plaintiff filing any motion for reconsideration (First Case Dkt. # 8, Exhibit 1). Magistrate Judge Steven Whalen wrote a Report and Recommendation in the First Case, which was accepted by Judge Paul D. Borman,[1] in which it was pointed out that even taking Plaintiff's allegations as true and construing his 1993 request for information as a motion for reconsideration, he had missed the 60-day deadline for filing a motion for reconsideration and thus lost his right to administrative and/or judicial review of the Commissioner's decision (First Case Dkt. #21, p. 5)(citing 20 C.F.R. §§ 404.900(b) and 404.905). Magistrate Judge Whalen's accepted report further recommended that the case be dismissed as "malicious or frivolous" pursuant to 28 U.S.C. §1915(e)(2)(B)(i), because even construing the facts in a light most favorable to Plaintiff the case lacked any basis in law or fact (*Id.* at p. 7).

Plaintiff has not appealed the decision in the First Case.

**II.    ANALYSIS**

    **A.    <u>Standards for Review</u>**

Judicial review of Social Security claims is governed by 42 U.S.C. § 405. Section 405(g) provides, in part, that an individual seeking review of an adverse decision in

---

[1] Plaintiff failed to object to the Report and Recommendation despite being granted an extension of time in which to do so (First Case Dkt. # 26).

> a Social Security action may commence an action in federal court only after obtaining a final decision of the Secretary (now Commissioner). Exhaustion of administrative remedies is thus required before any federal district court review may take place. *Weinberger v. Salfi*, 422 U.S. 749, 757, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

*McKenna v. Commissioner of Social Security*, 156 F.3d 1231, 1998 WL 466557, *1 (6th Cir. 1998).

The factors courts have cited to excuse failure to exhaust are: (1) that the claim is a legitimate, constitutional claim and/or is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that a plaintiff would suffer irreparable harm if required to exhaust administrative remedies. *Bowen v. City of New York*, 476 U.S. 467, 483 (1986); *Mathews v. Eldridge,* 424 U.S. 319, 330-32 (1976); *In Home Health,* 272 F.3d 554, 559-60 (8th Cir. 2001); *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996).

"After a final judgment on the merits rendered by a court of competent jurisdiction, *res judicata* bars subsequent litigation between the same parties and those in privity with them involving the same cause of action." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148 (2d Cir.1999) (*res judicata* rests on "policy considerations favoring putting an end to litigation, saving judicial time, and bringing certainty to legal relations"); Moore's Federal Practice § 131.10(1)(a) (3d ed. 2005) (finality necessary for "other judicial concerns, such as fairness to the parties, fostering respect for and reliance upon court judgments and reducing overcrowded court dockets"). "If subsequent litigation arises from the same cause of action, both those matters actually offered to sustain the claim and those that might have been offered in the prior action are barred from being relitigated; that is, there is claim preclusion." *Id.* Issue preclusion dictates that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States,* 440 U.S. 147, 153 (1979).

### B. <u>Factual Analysis</u>

Plaintiff's motion for default judgement, filed March 21, 2006, alleged that Defendant had failed to respond to the complaint. Yet, as stated above, Defendant had filed its motion to dismiss on March 17, 2006. Therefore, Plaintiff's motion for a default judgement should be denied.

Plaintiff's claims in this matter are without merit for the reasons stated in Magistrate Judge Whalen's Report and Recommendation in the First Case. Specifically, Plaintiff failed to comply with SSA's administrative remedies for appealing the decision to suspend his benefits and, as such, he is prohibited from seeking judicial review of the decision. *See* 20 C.F.R. §§ 404.900(b) and 404.905.

Further, Plaintiff's complaint is now barred by *res judicata* because the claim and issues in the present complaint arise from the same cause of action as the First Case and were previously resolved by a court of competent jurisdiction in the First Case.

Plaintiff's allegation in the present matter that he attempted to file a motion for reconsideration with SSA subsequent to Judge Borman's decision in the First Case does not revive his claim because (a.) in accepting Magistrate Judge Whalen's Report and Recommendation Judge Borman conclusively decided that Plaintiff's failure to file a motion for reconsideration with SSA within the 60-day filing period was fatal to his claim for judicial review of the Commissioner's decision to suspend his benefits and (b.) the First Case was dismissed, not only for failure to exhaust, but also on the basis that it was frivolous or malicious and lacked any basis in fact or law. Another and even later request for reconsideration to SSA does not negate these rulings.

### III. RECOMMENDATION

For the reasons stated above, IT IS RECOMMENDED that Plaintiff's motion for default

judgment be DENIED (Dkt. # 5) and Defendant's motion to dismiss be GRANTED (Dkt. # 4).  The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 21, 2006　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　United States Magistrate Judge


Certificate of Service

    I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff by U.S. Mail and James Brunson electronically on April 21, 2006.

　　　　　　　　　　　　　　　　　　　　　　s/William J. Barkholz
　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk